IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ADELYN M. BARGERON<br><br>  Plaintiff,<br><br>vs.<br><br>LAW SCHOOL ADMISSION COUNCIL, INC.<br><br>  Defendant. | Civil Action No. |

## PLAINTIFF'S VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW Adelyn M. Bargeron, plaintiff, and files her Complaint against Law School Admission Council, Inc., defendant, respectfully showing the Court the following:

### INTRODUCTION

This action seeks declaratory and injunctive relief against defendant Law School Admission Council, Inc. ("LSAC") based on its discriminatory conduct against plaintiff, a person with a disability protected by federal law. Plaintiff is scheduled to take the December 7, 2013, administration of the Law School Admissions Test ("LSAT"), and in connection therewith has requested testing modifications. Specifically, plaintiff has requested 50% extended testing time (time plus half) on each session, including the writing sample, a five minute break in between each section of the test, and a private room without distractions. Modifications such as extended time are neither expensive, nor difficult to provide – but provide access for individuals with disabilities, like plaintiff, to demonstrate actual knowledge, aptitude and skill on the LSAT rather than simply the limitations of testing procedures and the discriminatory policies of defendant.

These modifications are necessary to ensure that the LSAT is accessible to plaintiff because of her disability, which substantially limits one more of her major life activities.

Defendant has discriminated against plaintiff by its failure to provide testing modifications which allow her to access the LSAT and best ensure that the examination tests her ability rather than

disability, in violation of the Americans with Disabilities Act, as amended (hereinafter "ADA"), 42 U.S.C. §§ 12101, et seq., specifically, 42 U.S.C. § 12189, and as required by the United States Department of Justice (DOJ) implementing regulations found in 28 CFR §§ 36, et seq., specifically, 28 CFR § 36309.

Plaintiff brings this action to enforce her rights to timely equal access under the ADA.

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over the plaintiff's complaint arising out of the ADA, pursuant to federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(4). The Court also has jurisdiction arising from 42 USC §2000(a) which provides for civil actions in this court by a person such as plaintiff, who has been subjected to discrimination on the basis of disability in violation of Title III of the ADA.

2.

This Court has jurisdiction on the issue of declaratory judgment pursuant to USC § 2201(a) and further relief pursuant to 28 USC § 2202. Venue is proper in this judicial district under 28 USC § 1391 because acts of discrimination have taken place in this district, and the plaintiff resides within this district and plaintiff is registered to take the LSAT in this district.

## PARTIES

3.

Plaintiff is a resident of Macon, Georgia and a graduate of the University of Georgia, (BBA 2013). She has applied and been accepted to take the LSAT on December 7, 2013. Plaintiff has Attention Deficit Hyperactivity Disorder ("ADHD"). She is a person with a disability under the ADA and is entitled to access the LSAT in a manner which tests her ability rather than disability.

4.

Defendant is a not-for-profit testing entity, which includes every American Bar Association accredited law school in the United States. Defendant is incorporated in the State of Delaware with

its headquarters located in Pennsylvania. Defendant plans, prepares, administers, controls and scores the LSAT, the professional examination required for application or admission to post-secondary education at all accredited law schools in the United States. Defendant is subject to the non-discrimination and modification requirements of the ADA, particularly the requirement that the LSAT be accessible to plaintiff so as to best ensure that the test actually tests her ability.

## STATEMENT OF FACTS

5.

Plaintiff suffers from cognitive impairments, including ADHD, as consistently evaluated and diagnosed and evaluated since 1999 when plaintiff was only 8 years old.

6.

Defendant has repeatedly denied plaintiff the modifications she requires for the LSAT to be accessible to her. The plaintiff has provided to defendant voluminous and extensive documentation of her disability history and past modifications in support of her right to modification. Plaintiff has repeatedly submitted her records and medical documentation to comply with defendant's extensive inquiries, procedures, and policies when requesting such modifications.

7.

Based on testing performed in 1999 and several other occasions to the present, Ms. Bargeron has consistently been diagnosed as having a disability resulting from ADHD. Attached hereto as Exhibit "A" is a psychological evaluation, along with printouts of test results performed August 15, 2013. This evaluation reviews the history of Ms. Bargeron's condition from the time she was 8 years old to the current period. Based on information included in this report, Ms. Bargeron has received accommodations at each level of her academic pursuits. Because of these accommodations, Ms. Bargeron has been able to successfully compete in an academic environment that would help her attain her degree from the University of Georgia in business administration in the Spring of 2013.

8.

At the time Ms. Bargeron made application to take the LSAT, she also applied to LSAC for accommodations similar to those received by her at the college level. She submitted plaintiff's Exhibit "A", along with other extensive documentation in compliance with the requirements of LSAC.

9.

On or about September 9, 2013, Ms. Bargeron was sent a letter by LSAC denying her request for accommodations in their entirety. (See Exhibit "B" attached hereto).

10.

Ms. Bargeron timely submitted an appeal on or about October 21, 2013, and attached a more recent report by Dr. Scott Miller, a licensed psychologist at the University of Georgia Regent's Center for Learning Disorders. (See Exhibit "C" attached hereto).

11.

Despite the overwhelming evidence support Ms. Bargeron's request for accommodations, LSAC again denied her request in its entirety in a letter dated November 4, 2013. (See Exhibit "D" attached hereto).

## CAUSE OF ACTION

12.

Plaintiff is an otherwise qualified person with a disability within the meaning of the ADA.

13.

Plaintiff's impairments substantially limit her in the performance of numerous and varied major life activities, including, but not limited to, reading and concentrating.

14.

Title III of the ADA states in part, "[i]t is discriminatory to fail to make reasonable modifications to policies, practices and procedures when necessary to provide goods and services to a person with a disability." 42 U.S.C. §1212(d)(2)(A)(2i).

15.

Title III of the ADA specifically 42 U.S.C. §12189, mandates that:

Any person that offers examinations or courses related to applications, licensing, certifications, or credentialing, secondary or post-secondary education, professional, or trade purposes, shall offer such examinations or courses in a place and manner accessible to persons with disabilities, or offer alternative accessible arrangements for such individuals.

16.

Defendant administers the LSAT, an examination related to applications and credentialing for post-secondary education, professional, and trade purposes, within the meaning of the ADA, 42 U.S.C. §12189. The ADA requires defendant to offer these examinations in a manner accessible to persons with disabilities.

17.

42 U.S.C. § 12189 must be interpreted consistently with DOJ implementing regulations found at 28 CFR § 369, which require a testing entity to administer the examination "so as to best ensure that . . . the results accurately reflect the individual's aptitude . . . rather than reflect the individual's [disability]," *Id.* at (b)(1)(i) and which "specify that required modifications to an examination may include changes in the length of time permitted." 28 CFR § 36(b)(2).

18.

These regulations state that testing entities, such as defendant, are to give "considerable weight to documentation of past modifications received in similar testing situations, as well as such modifications . . . or a plan describing services provided pursuant to § 504 of the Rehabilitation Act. 28 CFR § 36.309(b)(1)(u).

19.

Plaintiff requires additional time testing to participate and a fair, full and equal basis on the LSAT. The modifications that plaintiff needs would level the playing field and allow her aptitude and abilities to be fairly and accurately measured.

20.

Plaintiff will be irreparably harmed if the LSAC continues its illegal refusal to provide her the test modifications specifically recommended by her clinicians, in that:

(a) given her experience with practice LSAT examinations, without the extended time modifications to which she is entitled under the ADA, plaintiff will be unable to show her ability and would not receive a score which will enable her to be accepted by a credible law school;

(b) plaintiff's law school career will be placed on hold or stalled because an adequate score on the LSAT is a prerequisite to a law school education;

(c) requiring plaintiff to take the LSAT without sufficient modifications puts her at an illegal disadvantage given her disability;

(d) reduced performance on the LSAT as a result of not receiving the proper modifications significantly reduces plaintiff's future professional career options;

(e) taking the LSAT without the test modifications request would be a waste of plaintiff's time and money.

21.

Defendant has discriminated against and continues to discriminate against plaintiff in violation of Title III of the ADA specifically 42 U.S.C. § 12189, and the DOJ regulations found at 28 CFR § 36.309 by failing to ensure that plaintiff is provided with equal access to the LSAT so as to be fairly situated with non-disabled test takers.

22.

Plaintiff has no remedy of law and will continue to suffer irrevocable harm in the absence of injunctive relief.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(A) Assume jurisdiction of this matter and act expeditiously because of the potential harm to Plaintiff;

(B) Issue a declaratory judgment that plaintiff is entitled to access on the December 7, 2013, Law School Admission Test or any other administration, by being provided with 50% extended time on each section (time plus half), including writing, with five minute breaks between each section of the exam, and a private room to take the test without distractions;

(C) Issue an injunction enjoining defendant from failing to provide and to administer the December 7, 2013, law school admission test and any subsequent administration to plaintiff in a manner which is accessible to her and specifically to provide not less than 50% extended test time for all sections;

(D) Order defendant to pay plaintiff's reasonable attorney's fees and costs;

(E) Order that LSAT not "flag" the scores of Plaintiff by reporting to law schools that such score should be interpreted with great sensitivity and flexibility;

(F) Grant plaintiff such other and further relief as is appropriate under the circumstances.

This 7th day of November, 2013.

Thomas F. Richardson
State Bar No. 604325

Jason D. Lewis
State Bar No. 197856
Attorneys for Plaintiff

Chambless, Higdon, Richardson,
 Katz & Griggs, LLP
3920 Arkwright Road, Suite 405
P.O. Box 18086
Macon, GA 31209-8086
(478)745-1181