04:42:23 p.m. 11-04-2013    2
From:                                                    11/04/2013  17:46      #090 P.002/003



Law School Admission Council
662 Penn Street, Box 40, Newtown, PA 18940-0040
P: 215.968.1137 • F: 215.968.1169

JOAN E. VAN TOL
General Counsel
jvantol@LSAC.org

**Sent via facsimile only:  1.478.746.9479**

November 4, 2013

Thomas F. Richardson, Esq.
Chambless Higdon Richardson Katz Griggs LLP
3920 Arkwright Road Suite 405
P.O. Box 18086
Macon, GA  31209

Re:   Adelyn Bargeron
      L 34002786

Dear Mr. Richardson:

This will respond to your October 21, 2013 letter on behalf of Adelyn Bargeron who is seeking reconsideration of LSAC's decision on her request for accommodations on the LSAT.  We acknowledge your disagreement with this decision.

With regard to your claim that LSAC's characterization of Ms. Bargeron's test results are "inaccurate, misplaced, and legally insufficient to withstand scrutiny in light of the ADAAA:"

LSAC's letter dated September 9, 2013 refers to test scores on **both** timed and untimed measures as part of an overall analysis of Ms. Bargeron's cognitive profile.  In fact, it was the evidence of her performance on timed tests, i.e. the SAT, that indicated her performance was within the expected range and well-above average.

EXHIBIT
D

Thomas F. Richardson, Esq.
Re: Adelyn Bargeron
November 4, 2013
Page 2 of 2

LSAC's reliance on Ms. Bargeron's performance on the SAT is perfectly reasonable as her scores on this test present credible evidence of her performance under time constraints without accommodations. While there are certainly differences between the reading passages on the SAT and the LSAT, it is not accurate to characterize the Critical Reading Section of the SAT as a test of vocabulary when according to the College Board's website[1], the majority of the SAT critical reasoning questions involve extended reasoning or literal comprehension and only 12-16 questions test vocabulary. The evidence shows that when Ms. Bargeron is placed under time pressure on a high-stakes test, she performs at expected levels.

Regardless of the source of Ms. Bargeron's claimed reading efficiency deficits, her test taking history does not support evidence of a functional impairment or substantial limitation that affects her ability to perform as expected on standardized admission tests.

For the reasons previously provided, as well as those discussed herein, LSAC is unable to grant the accommodations Ms. Bargeron has requested. She remains registered to take the December 2013 under standard conditions.

Sincerely,

*Joan E. Van Tol*
Joan E. Van Tol
General Counsel

---

[1] http://professionals.collegeboard.com/testing/sat-reasoning/about/sections/critical-reading.